UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NOVA CASUALTY COMPANY,

     Plaintiff,                            Case No.

v.

ROBERT SANTA LUCIA;
SANTA LUCIA & THOMAS, P.A.; and
QUINTAIROS, PRIETO, WOOD
& BOYER, P.A.

     Defendant(s).
_____/

**PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW**

     COMES NOW, the Defendants/Petitioners, ROBERT SANTA LUCIA and SANTA LUCIA & THOMAS, P.A., by and through their undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court, in and for Pinellas County, Florida, to the United States District Court for Middle District of Florida, Tampa Division, and states as follows:

     1.     Defendants/Petitioners, ROBERT SANTA LUCIA and SANTA LUCIA & THOMAS, P.A., have been named as a Defendant in a civil action brought against it in the County Court in and for Pinellas County, Florida styled *"Nova Casualty Company v. Robert Santa Lucia, Santa Lucia & Thomas, P.A., and Quintairos, Prieto, Wood, & Boyer, P.A."*, Case No. 09-10144-CI-7.  A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendants/Petitioners, is attached hereto as Composite Exhibit "A."

2.      That the aforesaid action was commenced by service of process consisting of said Summons and Complaint, upon the Defendants/Petitioners, ROBERT SANTA LUCIA and SANTA LUCIA & THOMAS, P.A. on June 19, 2009.

3.      That the controversy herein between the Plaintiff and Defendants/Petitioners is a controversy between a Florida Corporation and a foreign corporation acting under the laws of the state of New York.

4.      That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1332, and is one which may be removed to this Court by the Defendants/Petitioners pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action with diversity of citizenship of the parties to this action and the amount in controversy is over $75,000, for which this Court has original jurisdiction.

5.      This Notice of Removal is filed with this Court within 30 days after service on Defendants/Petitioners of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL

### Statement of the Case and Facts

The instant suit is a civil action with which their exists a diversity of citizenship among the parties, specifically, the Plaintiff is a New York Corporation, founded and acting under the laws of the state of New York, and Defendants/Petitioners are located or were formed in Florida, under the laws of the state of Florida.

Whether intentionally or unintentionally, the Plaintiff does not indicate the location or domicile of the Plaintiff Corporation.  However, the Florida Department of State, Division of

Corporations, lists the Plaintiff as a Foreign Profit Corporation.  See attached Exhibit "B." Furthermore, the Florida Department of Financial Services list the Home, Mailing and Location of Records addresses as being located in Buffalo, New York.  See attached Exhibit "C."

Plaintiff's own website claims that the Corporation is "domiciled in New York with headquarters in Buffalo, New York."  See Attached Exhibit "D."  Additionally, A.M. Best, a consumer rating index, also lists the Plaintiff in Buffalo, New York.  Please also see our Request for Judicial Notice of the web pages referenced above, attached herein as Exhibit "F."

The requirement of $75,000 in controversy is, however, satisfied by the clear terms contained in the original Complaint.  Please see Paragraph 14 of the original Complaint contained within Composite Exhibit "A."

## Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1332.  Section 1332 states as follows:

"§1332.  Diversity of citizenship; amount in controversy; costs

*The federal district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.*

The original Complaint herein is between parties from different states, and the amount in controversy exceeds $75,000, and thus satisfies the jurisdictional requirements of 28 U.S.C. §1332.  This Honorable Court therefore has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

*"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the Defendant or the Defendants, to the district court of the United States for the district and division embracing the place where such action is pending..."*

Given that this action is one over which the United States District Court for the Middle District of Florida would have original jurisdiction, this case may properly be removed by Defendants/Petitioners pursuant to 28 U.S.C. §1446(a) which provides:

*"A Defendant or Defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court for the United States for the district and division within such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such Defendant or Defendants in such action."*

In the instant suit, the Defendants/Petitioners have filed a Notice that complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal.

## Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding be filed within thirty (30) days after receipt by Defendants/Petitioners, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  The original Complaint was filed with the Court on June 9, 2009 and served upon the Defendants/Petitioners on June 19, 2009, and therefore, this Petition for Removal has been filed less than thirty (30) days from the service of the original Complaint.

## Consent of Co-Defendants

Undersigned counsel represents that Defendant, QUINTAIROS, PRIETO, WOOD & BOYER, P.A. has consented to the removal of this matter to the United States District Court for the Middle District of Florida.

WHEREFORE, Defendants/Petitioners, ROBERT SANTA LUCIA and SANTA LUCIA & THOMAS, P.A., respectfully requests that this Honorable Court enter its Order removing the entire case from the County Court in and for Pinellas County, Florida, to the United States District Court, Middle District of Florida, Tampa Division.

Respectfully submitted,

**DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY**
Attorneys for Defendant
201 North Franklin Street
Suite 1990
Tampa, Florida  33602
Phone:  (813) 222-0400
Fax:  (813) 222-0401
Email:  mmcgirney@dkdr.com
Email:  dfrantzman@dkdr.com


By:_____s/Michael J. McGirney
    Michael J. McGirney, Esquire
    Florida Bar No.:  856797
    Dennis M. Frantzman, Esquire
    Florida Bar No.:  37021

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true and correct copy of the foregoing has been furnished via

regular U.S. Mail to:  Robert C. Widman, Esq., MORRIS & WIDMAN, P.A., 245 N. Tamiami Trail,

Suite E, Venice, Florida  34285 this  _17___ day of July, 2009.


**DANIELS, KASHTAN, DOWNS,
ROBERTSON & MCGIRNEY**
Attorneys for Defendant
201 North Franklin Street
Suite 1990
Tampa, Florida  33602
Phone: (813) 222-0400
Fax:    (813) 222-0401
Email:  mmcgirney@dkdr.com
Email:  dfrantzman@dkdr.com


By:     __s/Michael J. McGirney
        Michael J. McGirney, Esquire
        Florida Bar No.:  856797
        Dennis M. Frantzman, Esquire
        Florida Bar No.:  37021