IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

NOVA CASUALTY COMPANY,

    Plaintiff,

v.

                          CASE NO.:

ROBERT SANTA LUCIA, SANTA LUCIA
& THOMAS, P.A., and QUINTAIROS, PRIETO,
WOOD & BOYER, P.A.,

    Defendants.

CIVIL COURT RECORDS DEPARTMENT

JUN 0 9 2009

KEN BURKE
CLERK OF CIRCUIT COURT

09 10144CI007

## COMPLAINT

Plaintiff, NOVA CASUALTY COMPANY (NOVA) sues Defendants ROBERT
SANTA LUCIA (SANTA LUCIA), SANTA LUCIA & THOMAS, P.A. (SANTA
LUCIA, P.A.), and QUINTAIROS, PRIETO, WOOD & BOYER, P.A. (QUINTAIROS,
P.A.) and states as follows:

1.    This is an action for damages in excess of $15,000.

2.    In Uniform Case Number 522002CA010158, Plaintiff Deborah Shackelford
(Shackelford) sued Defendants Bayfront Tower Condominium Association Residential,
Inc. (Bayfront), Maritza J. Fernandez (Fernandez), and the Beachside Real Estate, Inc.
d/b/a Re/Max Preferred (Beachside) alleging personal injuries that arose in Pinellas
County, Florida (the personal injury case) for an incident that occurred August 12, 2001.

3.    Shackelford was represented in the personal injury case by Pinellas County
Attorney Justin C. Johnson (Johnson) of Justin C. Johnson & Associates, P.A.

4.    Fernandez and Beachside were represented in the personal injury case by SANTA
LUCIA originally while in the course and scope of his employment with SANTA

1/4



LUCIA, P.A. and later (after August 27, 2006) while in the course and scope of his employment with QUINTAIROS, P.A.

5. Bayfront was represented in the personal injury case by Christopher Knight of the Miami office of Fowler, White, Burnett, P.A.

6. During the course of the personal injury case, SANTA LUCIA recommended to his client NOVA that NOVA enter into a High-Low Agreement (the Agreement). In reliance upon this legal advice, NOVA entered into the Agreement attached hereto as Exhibit "A."

7. Shortly before the scheduled trial in the personal injury case, Shackelford dismissed Benchside as a party and settled with Bayfront for an amount in excess of One Million Dollars.

8. At the time it entered into the Agreement based on the advice of its attorney SANTA LUCIA, NOVA paid the $200,000 payment required by the Agreement. At that time NOVA entered into the Agreement, in part, on the advice of its attorney SANTA LUCIA that pursuant to paragraph 5 of the Agreement Shackelford would be required to Release NOVA's insured Fernandez in the personal injury case as long as Shackelford settled the claim against Bayfront for more than $550,000.

9. NOVA relied upon the aforesaid advice of SANTA LUCIA in agreeing to the numbers contained in the Agreement and, furthermore, in not pursuing a settlement with Shackelford for a single payment of $500,000 as reflected in the letter from SANTA LUCIA dated August 8, 2006 attached hereto as Exhibit "B."

10. At that point, Shackelford refused to release Fernandez and, relying upon the Agreement, Fernandez/NOVA's attorney SANTA LUCIA had not retained experts,

scheduled depositions, or actively participated in prior deposition. At that point, Shackelford's attorney offered to approach his client regarding settling with Fernandez/NOVA somewhere in the middle of the low and high numbers in the Agreement but SANTA LUCIA advised NOVA that his interpretation of paragraph 5 in the agreement was correct despite warnings from Shackelford's attorney to the contrary.

11. Each side then moved to enforce their respective positions. After an evidentiary hearing on May 15, 2008, the Court entered the Order attached hereto as Exhibit "C" based on a finding that the parties did not reach "a meeting of the minds" regarding paragraph 5 of the Agreement.

12. After the Court vacated the Agreement, Shackelford served a proposal for settlement in the amount of $999,999.99 a copy of which is attached hereto as Exhibit "D." Based on SANTA LUCIA's advice, NOVA accepted the proposal and paid the settlement in July, 2008.

13. SANTA LUCIA was negligent and deviated from the standard of care while in the course and scope of his employment with SANTA LUCIA, P.A. and, after August 27, 2006, while in the course and scope of his employment with QUINTAIROS, P.A. including as follows:

     a)     SANTA LUCIA negligently advised NOVA regarding the Agreement;

     b)     SANTA LUCIA negligently negotiated the form of the Agreement;

     c)     SANTA LUCIA negligently advised NOVA regarding settlement with Shackelford.

14. As a result of SANTA LUCIA's aforesaid negligence, NOVA has been damaged in that it was required to pay Shackelford approximately $800,000 more to settle her case

than it had been advised by SANTA LUCIA it would be required to pay in order to settle the claim. Furthermore, NOVA incurred unnecessary legal fees and expenses to SANTA LUCIA in regards to the attempts to enforce the Agreement.

WHEREFORE Plaintiff demands judgment against Defendants for the damages set forth above. Plaintiff demand trial by jury as to all issues triable by jury in this cause.

Dated: June 3, 2009

MORRIS & WIDMAN, P.A.
245 N. Tamiami Trail, Ste. E
Venice, FL 34285
Telephone: (941) 484-0646
Attorneys for Plaintiff

By: _____
Robert C. Widman
Florida Bar No.: 0170014

4/4

IN THE CIRCUIT COURT IN AND FOR PINELLAS COUNTY, FLORIDA
UNIFORM CASE NUMBER: 522002CA010158
REFERENCE NUMBER: 0201015R-CI-8

DEBORAH SHACKELFORD,

    Plaintiff,

vs,

BAYFRONT TOWER CONDOMINIUM
ASSOCIATION RESIDENTIAL, INC.,
a Florida corporation, MARITZA J.
FERNANDEZ, and BEACHSIDE REAL
ESTATE, INC., d/b/a RE/MAX PREFERRED,
a Florida corporation,

    Defendants,

## HIGH-LOW AGREEMENT

Plaintiff, DEBORAH SHACKELFORD, Defendant, MARITZA J. FERNANDEZ ("FERNANDEZ"), Defendant, BEACHSIDE REAL ESTATE, INC., d/b/a RE/MAX PREFERRED ("RE/MAX"), and Nova Casualty Company ("NOVA") hereby enter into the following agreement:

1. FERNANDEZ, RE/MAX, and NOVA agree to pay to Plaintiff a total of Two Hundred Thousand and No/100 ("$200,000.00") Dollars within thirty (30) days of the execution of this agreement. This $200,000.00 payment to Plaintiff is non-refundable, and neither FERNANDEZ, RE/MAX, or NOVA will have any claim to the return of this payment even if the jury verdict results in a finding of zero liability on the part of FERNANDEZ and/or RE/MAX.

2. If after the trial of this case Plaintiff obtains a judgment against FERNANDEZ or RE/MAX in excess of $200,000.00, but less than Seven Hundred Fifty Thousand and No/100 ("$750,000.00") Dollars, FERNANDEZ, RE/MAX, and NOVA agree to pay to Plaintiff the total amount of the final judgment, less the $200,000.00 previously paid pursuant to paragraph number 1 above, within thirty (30) days of final judgment being entered.

AUG 2 2 2009



EXHIBIT

A

3. FERNANDEZ, RE/MAX, and NOVA's liability for any damages ultimately awarded to Plaintiff is limited to a maximum of $750,000.00. Plaintiff agrees not to execute or attempt to collect on any judgment in excess of $750,000.00 against FERNANDEZ, RE/MAX, or NOVA.

4. Plaintiff, as well as Defendants, FERNANDEZ and RE/MAX, hereby agree to preserve any and all appellate rights and/or remedies in connection with the final judgment rendered in this cause.

5. After the execution of this agreement, Plaintiff agrees to release and discharge FERNANDEZ and RE/MAX at any time prior to entry of the final judgment in this matter if any party to this cause agrees to pay her the additional Five Hundred Fifty Thousand and No/100 ($550,000.00) Dollars for a total sum of $750,000.00.

Date: 8/18/06

ROBERT SANTA LUCIA, ESQUIRE
SANTA LUCIA & THOMAS, P.A.
5801 Ulmerton Road, Suite 200
Clearwater, FL 33760
(727) 532-9933
Counsel for Fernandez & Re/Max Preferred
SPN: _____ FBN: 0663971

Date: 8/31/06

JUSTIN C. JOHNSON, ESQUIRE
JUSTIN C. JOHNSON & ASSOC., P.A.
4020 Park Street North, Suite 202
St. Petersburg, FL 33709
(727) 384-3624
Counsel for Plaintiff
SPN: 00175110 BAR: 0305219

Date: 09/14/06

WARREN SEIFERT
Print Name:
Title: VICE PRESIDENT-CLAIMS
NOVA CASUALTY COMPANY

Date: 8/31/06

DEBORAH SHACKELFORD

---

## SANTA LUCIA & THOMAS, P.A.

ROBERT A. SANTA LUCIA
D. KEITH THOMAS
JAY P. DINAN
TERRI N. NEILSEN

ATTORNEYS AT LAW
5801 ULMERTON ROAD
SUITE 200
CLEARWATER, FLORIDA 33760

TEL: (727) 938-9933
FAX: (727) 807-9432

August 8, 2006

**VIA FACSIMILE**
716-856-0069

Mr. Warren Seifert
Claims Manager
Nova Casualty
726 Exchange Street, #1020
Buffalo, NY 14210

RE:   Deborah Shackelford v Bayfront Tower Condominium Assoc. Residential, Inc.;
      Maritza J. Fernandez; and Beachside Real Estate Inc. d/b/a RE/MAX Preferred
      Pinellas County Circuit Civil Case No.: 02-10158-CI-8
      Claim No.: 8500003488
      Date of Loss: 08-12-01

Dear Mr. Seifert:

      Pursuant to our conversation of Friday, August 4, 2006, I again spoke with Plaintiff's counsel
and explained our position regarding settlement. In response, Plaintiff's counsel indicated that if we
would offer $500,000.00 for full and final settlement, he would "recommend" it to his client
(indicating that it would be an acceptable settlement, but he did not want to reduce his formal
demand to $500,000.00 as he did not want to negotiate further from there.) I understand we are not
in any rush and, therefore, we will continue with finalizing the high-low agreement, utilizing the
200/750 numbers. I have conveyed your willingness to move the low to $250,000 for the high being
reduced to $500,000.00.

      I will keep you apprised of any further developments.

                                        Sincerely,

                                        Robert Santa Lucia

RSL/aa

EXHIBIT
B

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

DEBORAH SHACKELFORD,

Plaintiff,

vs.

CASE NO.: 02-10158-CI-8

BAYFRONT TOWER CONDOMINIUM
ASSOCIATION RESIDENTIAL, INC., a
Florida corporation, MARITZA J.
FERNANDEZ, and BEACHSIDE REAL
ESTATE, INC., d/b/a RE/MAX
PREFERRRED, a Florida corporation,

Defendants.

_____/

## TRIAL RESOLUTION JUDGE'S DETERMINATION AS TO PENDING MOTIONS

THIS CAUSE came on for hearing before Trial Resolution Judge, Gasper J. Ficarrotta,
on January 15, 2008 upon the Plaintiff's Motion to Set Aside High-Low Agreement, Defendant,
MARITZA J. FERNANDEZ's, Motion to Enforce Settlement, and the Trial Resolution Judge
having considered the following:

1. The Plaintiff's Motion to Set Aside High-Low Agreement;

2. The Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Set Aside
High-Low Agreement;

3. Defendant, MARITZA J. FERNANDEZ' Motion to Enforce Settlement and the
Exhibits and Case Authority attached thereto;

3. Plaintiff's Memorandum of Law and Exhibit binder;



EXHIBIT
C

4.   The Deposition of Matthew D. Emerson taken November 30, 2007;

5.   Deposition of Justin C. Johnson taken November 30, 2007;

6.   Deposition of Robert Santa Lucia taken November 9, 2007;

7.   Correspondence between counsel for the parties;

8.   Confidential Settlement Agreement between the Plaintiff and the Defendant, BAYFRONT TOWER CONDOMINIUM, dated September 28, 2007;

9.   The High-Low Agreement entered into between the Plaintiff and the Defendants, MARITZA J. FERNANDEZ, BEACHSIDE REAL ESTATE, INC. and Nova Casualty Company dated August 31, 2006;

10.  The transcript of the hearing before Trial Resolution Judge, Gasper J. Ficarrotta, which occurred on January 15, 2008;

11.  The deposition of the Plaintiff, DEBORAH SHACKELFORD, taken August 8, 2005;

12.  The deposition of the Defendant, MARITZA J. FERNANDEZ, taken February 17, 2004; and

13.  All the case authorities cited by counsel for the respective parties in support of their motions.

The main issue in this case surrounds the High-Low Agreement entered into between the Plaintiff and the Defendants, MARITZA J. FERNANDEZ, BEACHSIDE REAL ESTATE, INC. and Nova Casualty Company on August 31, 2006. Subsequent to the agreement the Plaintiff voluntarily dismissed the Defendant, BEACHSIDE REAL ESTATE, INC. on June 14, 2007. The case was scheduled for trial on June 18, 2007, the Defendant, MARITZA FERNANDEZ,

remained a Defendant along with BAYFRONT TOWER CONDOMINIUM ASSOCIATION RESIDENTIAL INCORPORATED. Four days before the scheduled trial, the Plaintiff and the Defendant, BAYFRONT, reached a confidential settlement. The settlement exceeded the high of the High-Low Agreement between the Plaintiff and the Defendant, FERNANDEZ.

It is the position of the Defendant, FERNANDEZ, that the High-Low Agreement should be enforced and therefore the Defendant, MARITZA FERNANDEZ's obligation under the Hi-Low Agreement has been satisfied by the Defendant, BAYFRONT, when the Defendant, BAYFRONT, paid a settlement in excess of the high end of the High-Low Agreement.

It is the position of the Plaintiff that the High-Low Agreement should be set aside for the reason there was no meeting of the minds as to an essential term of the High-Low Agreement and the parties should be placed in the same position they were in prior to the execution of the High-Low Agreement. The Plaintiff's position is based upon Paragraph 5 of the High-Low Agreement which reads as follows: "5. After the execution of this agreement, Plaintiff agrees to release and discharge FERNANDEZ and RE/MAX at any time prior to entry of the final judgment in this matter if any party to this cause agrees to pay her the additional Five Hundred Fifty Thousand and No/100 ($550,000.00) Dollars for a total sum of $750,000.00."

The undersigned has reviewed the deposition of Plaintiff's counsel and the deposition of counsel for the Defendant, FERNANDEZ, and it is clear that at the time of the execution of the High-Low Agreement counsel had two materially different understandings as to the operation of the High-Low Agreement, should the Defendant, BAYFRONT, pay a settlement to the Plaintiff that exceeded the high end of the High-Low Agreement. It is also clear from the record that neither party had any reason to know or appreciate the other party's understanding of the effect

of the High-Low Agreement until after the Defendant, BAYFRONT, reached a settlement with the Plaintiff in June of 2007.

It is abundantly clear that the settlement paid by the Defendant, BAYFRONT, was not paid by BAYFRONT for or on behalf of the Defendant, FERNANDEZ, and therefore the Defendant, BAYFRONT, did not agree to pay the additional $550,000.00 referred to in the High-Low Agreement. Paragraph 2 of the Confidential Settlement Agreement and General Release of All Claims is crystal clear on this issue. The Defendant, BAYFRONT, Settlement did not buy out the High-Low Agreement for Defendant, FERNANDEZ.

Once the determination is made that the BAYFRONT Settlement did not satisfy or buy out the High-Low Agreement and release FERNANDEZ, the undersigned must determine whether the High-Low Agreement is still in effect and case should proceed to trial or if the High-Low Agreement should be set aside because there was no meeting of the minds.

After reviewing and giving due consideration to all the documentary evidence, the deposition testimony, and the case law, the undersigned has concluded that the Hi-Low Agreement should be set aside for the reason that there was no meeting of the minds as to Paragraph #5 of the agreement. The Plaintiff shall return to the Defendant the $200,000.00 payment previously made pursuant to the High-Low Agreement.

It is the determination of the undersigned that the Hi-Low Agreement should be set aside for the failure of the parties to the agreement to have a meeting of the minds.

DONE AND ORDERED the _____ day of May, 2008.

ORIGINAL SIGNED

MAY 15, 2008

GASPER J. FIGARROTTA

GASPER J. FICARROTTA
Trial Resolution Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been furnished by U.S. Mail this _____ day of May, 2008 to: Robert Santa-Lucia, Esquire, Quintairos, Prieto, Wood & Boyer, P.A., 4905 W. Laurel Street, Suite 200, Tampa, FL 33607 and Justin C. Johnson, 4020 Park Street North, Lighthouse Point, Suite 302, St. Petersburg, FL 33709.

Gasper J. Ficarrotta, Esq.
Florida Bar No.: 0111222
BARR, MURMAN & TONELLI, P.A.
201 E. Kennedy Boulevard, Suite 1700
Tampa, FL 33602
Telephone: (813) 223-3951
Facsimile: (813) 229-2254

IN THE CIRCUIT COURT IN AND FOR PINELLAS COUNTY, FLORIDA
UNIFORM CASE NUMBER: 522002CA010158
REFERENCE NUMBER: 02010158-CI-8

DEBORAH SHACKELFORD,

        Plaintiff,

vs.

BAYFRONT TOWER CONDOMINIUM
ASSOCIATION RESIDENTIAL, INC.,
a Florida corporation, MARITZA J.
FERNANDEZ, and BEACHSIDE REAL
ESTATE, INC., d/b/a RE/MAX PREFERRED,
a Florida corporation,

        Defendants.

_____/

## PLAINTIFF, DEBORAH SHACKELFORD'S, PROPOSAL FOR SETTLEMENT TO DEFENDANT, MARITZA J. FERNANDEZ

Plaintiff, DEBORAH SHACKELFORD, by and through her undersigned counsel, and pursuant to §768.79, Fla. Stat. and Fla. R. Civ. P. 1.442, hereby serves this Proposal for Settlement to Defendant, MARITZA J. FERNANDEZ, and would state as follows:

1.    This Proposal for Settlement is made by Plaintiff, DEBORAH SHACKELFORD, and is directed to Defendant, MARITZA J. FERNANDEZ.

2.    This Proposal for Settlement is for all claims Plaintiff, DEBORAH SHACKELFORD, has pending in this action against Defendant, MARITZA J. FERNANDEZ.

3.    This Proposal for Settlement is in the amount of Nine Hundred Ninety-Nine Thousand, Nine Hundred Ninety-Nine and 99/100 ($999,999.99) Dollars.

4.    The nonmonetary terms of this Proposal are as follows: If this Proposal for Settlement is accepted, Plaintiff, DEBORAH SHACKELFORD, will dismiss her claim with prejudice as to Defendant, MARITZA J. FERNANDEZ.

EXHIBIT
D

5.   There are no relevant conditions to the acceptance of this Proposal for Settlement.

6.   No claim for punitive damages is pending in this case.

7.   No claim for attorney's fees is currently pending in this case; consequently, this Proposal does not include attorney's fees. This Proposal for Settlement is inclusive of all costs.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and Certified Mail, Return Receipt No. 7007 490 0004 5077 4726, to Robert Santa Lucia, Esquire, 4905 West Laurel Street, Suite 200, Tampa, FL 33607, this 21st day of December, 2007.

JUSTIN C. JOHNSON, ESQUIRE
FL BAR NO: 0305219
MATTHEW D. EMERSON, ESQUIRE
FL BAR NO: 998461
JUSTIN C. JOHNSON & ASSOCIATES, P.A.
4020 Park Street North, Suite 302
St. Petersburg, FL 33709
(727) 384-3524
Counsel for Plaintiff