# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NOVA CASUALTY COMPANY,**

    **Plaintiff,**

**v.**                                                     **Case No. 8:09-cv-1351-T-30AEP**

**ROBERT SANTA LUCIA, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Quintairos, Prieto, Wood & Boyer, P.A.'s Motion to Dismiss or in the Alternative, Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. #6), Defendant's Notice of Correction of Scrivener's Error (Dkt. #8), and Plaintiff's Response to Defendant Quintairos Motion to Dismiss or Alternatively Motion for More Definite Statement (Dkt. #7). The Court, having considered the motion, notice, response, complaint, memoranda, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

### **Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining

the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Court. at 1959.

Defendant Quintairos, Prieto, Wood & Boyer, P.A. ("Defendant" or the "Quintairos Firm") argues that Plaintiff's complaint should be dismissed based on the following: (1) the complaint is based on conclusive allegations that Defendant Robert Santa Lucia ("Lucia") negligently advised Plaintiff in the negotiation of a Hi-Low Agreement, negligently negotiated the form of the High-Low Agreement, and negligently advised Plaintiff regarding a settlement; (2) the complaint fails to allege any ultimate facts which support each of the foregoing alleged acts of negligence; and (3) the complaint fails to apportion Lucia's alleged acts of negligence between his two employers. Finally, the Quintairos Firm argues that Lucia

did not begin his employment with them until August 27, 2006, several weeks after the Hi-Low Agreement was initially executed by Lucia on Plaintiff's behalf.

In response, Plaintiff argues that it has sufficiently alleged a claim for legal malpractice against the Quintairos Firm. The Complaint alleges, in pertinent part, that: Lucia recommended that Plaintiff enter into the High-Low Agreement; Lucia represented Plaintiff through his P.A. until August 27, 2006, then continued to represent Plaintiff during the course of his employment with the Quintairos Firm; the High-Low Agreement was not executed by all parties until August 31, 2006, five days after Lucia began his employment with the Quintairos Firm; Lucia was negligent in advising and negotiating the High-Low Agreement during the scope of his employment with Santa Lucia, P.A. as well as the Quintairos Firm; and as a result of Defendants' negligence Plaintiff has been damaged.

Under Florida law, a plaintiff must plead the following elements to state a claim for legal malpractice: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) that the attorney's negligence was the proximate cause of loss to the client. *See Law Office of David J. Stern, P.A. v. Security National Servicing Corp.*, 969 So. 2d 962, 969 (Fla. 2007).

Upon a review of the allegations contained in Plaintiff's complaint, Plaintiff has sufficiently alleged enough facts to state a claim to relief that is plausible on its face. Accordingly, Defendant's motion to dismiss should be denied.

It is therefore ORDERED AND ADJUDGED that Defendant Quintairos, Prieto, Wood & Boyer, P.A.'s Motion to Dismiss or in the Alternative, Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. #6) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 19, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1351.mtd 6.wpd