# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NOVA CASUALTY COMPANY,

    Plaintiff,

v.                                                  Case No.  8:09-cv-1351-T-30AEP

ROBERT SANTA LUCIA, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Nova Casualty Company ("Nova") filed this action alleging that Defendant Robert Santa Lucia, Esq. committed acts of negligence in the course and scope of his employment with Defendant Santa Lucia & Thomas, P.A., and later with Defendant Quintairos, Prieto, Wood & Boyer, P.A. ("Quintairos").  Nova specifically alleges that Santa Lucia negligently advised Plaintiff in the negotiation of a High-Low Agreement, negligently negotiated the form of the High-Low Agreement, and negligently advised Plaintiff regarding settlement.

Quintairos filed a Motion for Summary Judgment (Dkt. 20) arguing that any negligent acts committed by Santa Lucia occurred before he transferred his law practice to the Quintairos firm.  Because there are questions of fact regarding the period of time the alleged negligent acts took place, Quintairos motion will be denied.

### Background

In 2002, Deborah Shackelford filed a lawsuit against Bayfront Tower Condominium Association Residential, Inc., stemming from an incident that occurred on August 12, 2001,

when Shackelford was injured while being shown a condominium at the property. On August 14, 2003, Shackelford amended her complaint to add Maritza J. Fernandez and Beachside Real Estate, Inc. d/b/a Re/Max Preferred.

Santa Lucia represented Fernandez and Re/Max. Fernandez was insured by Nova. In December 2005, mediation was conducted in the underlying action. Counsel for Shackelford began discussing the possibility of entering into a High Low Agreement during mediation. The High-Low Agreement was negotiated over several months before the agreement was executed in September 2006. At that time, Nova paid $200,000, as required by the Agreement. Nova alleges that Santa Lucia advised that according to the terms of the Agreement, Shackelford would be required to release Fernandez from the case as long as Shackelford settled the claim with Bayfront for more than $550,000.

Before trial in the underlying matter in June 2007, Shackelford dismissed Re/Max as a party and settled with Bayfront for an amount in excess of $1,000,000. Nova alleges that it continued to rely on Santa Lucia's representations that the Agreement was valid and enforceable when paying the "Low" under the agreement ($200,000) rather than settling for a one time payment of $500,000.

After an evidentiary hearing on May 15, 2008, the state court entered an order setting aside the Agreement because the court found that the parties to the Agreement did not come to a meeting of the minds. At the time, Shackelford offered to settle for $999,999. Nova asserts that it accepted the proposal and paid the settlement amount in July 2008.

Santa Lucia was employed by the law firm Santa Lucia & Thomas, P.A. from March 1998 through August 31, 2006. On September 1, 2006, Santa Lucia transferred his law

practice to the Quintairos law firm. Quintairos now moves for summary judgment arguing that any of Santa Lucia's allegedly negligent acts occurred while he was employed by Santa Lucia & Thomas, P.A., not Quintairos.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v.*

*Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

Quintairos argues that any negligence by Santa Lucia occurred prior to September 1, 2006, when Santa Lucia joined the firm. In support of this argument, Quintairos relies on an affidavit by Santa Lucia and one of Nova's Answers to Interrogatories. In his affidavit, Santa Lucia states that any advice he gave Nova regarding the Agreement and all of the alleged acts of negligence occurred while he was employed by Santa Lucia & Thomas, P.A. In response to the relevant Interrogatory, Warren Seifert, Vice President of Claims for Nova, stated: "Discovery is ongoing but based upon the limited discovery to date, it presently appears that the negligent acts occurred prior to the drafting and at the time of the drafting of the final high/low agreement..." Based upon this evidence, Quintairos contends Santa Lucia's "representation of Plaintiff [Nova] in matters pertaining to the negotiating, drafting, and entering into [] the High-Low Agreement occurred" before Santa Lucia transferred his practice to the firm.

However, the Complaint alleges that Santa Lucia was also negligent in advising Nova regarding settlement. Nova alleges, based on Seifert's affidavit and attached exhibits, that Santa Lucia's negligent acts continued after he transferred his practice to Quintairos on September 1, 2006. For example, Seifert states the following occurred on September 1 or later: (1) Santa Lucia allegedly advised Seifert to sign the Agreement on September 1, 2006; (2) the Agreement was not completed until September 14, 2006, when Seifert actually signed the Agreement; and (3) on September 12, 2006, Santa Lucia advised Nova to pay the $200,000 "Low" under the agreement rather than settle for $500,000.

The exhibits attached to Seifert's affidavit show that Santa Lucia continued work on the Shackelford litigation after he commenced working at Quintairos. Some of Santa Lucia's correspondence regarding the agreement and settlement was even sent on Quintairos letterhead. Whether Santa Lucia's alleged negligent acts continued after he joined Quintairos on September 1, 2006, remains an issue of fact to be decided by a jury.

It is therefore ORDERED AND ADJUDGED that Defendant Quintairos, Prieto, Wood & Boyer, P.A.'s Motion for Summary Judgment (Dkt. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 14, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1351.msj 20.frm