**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NOVA CASUALTY COMPANY,**

    **Plaintiff,**

v.                                                                         Case No.  8:09-cv-1351-T-30AEP

**ROBERT SANTA LUCIA, et al.,**

    **Defendants.**
_____/

## ORDER

Plaintiff Nova Casualty Company ("Nova") brings this action alleging legal malpractice against Robert Santa Lucia and the law firms Santa Lucia & Thomas, P.A. and Quintairos, Prieto, Wood & Boyer, P.A.  Nova alleges that Santa Lucia committed acts of negligence in the course and scope of his employment initially with Santa Lucia & Thomas, P.A. and later with Quintairos, Prieto, Wood & Boyer, P.A.  Specifically, Nova alleges that Santa Lucia negligently advised Plaintiff in the negotiation of a high/low agreement, negligently negotiated the form of the high/low agreement, and negligently advised Nova regarding settlement.

### Background

The allegations arise from a lawsuit filed in Florida state court in 2002.  In that action, Deborah Shackelford filed a lawsuit against Bayfront Tower Condominium Association Residential, Inc. ("Bayfront"), Beachside Real Estate, Inc. d/b/a Re/Max Preferred ("Beachside"), and Meritza J. Fernandez, stemming from an incident in August 2001, when

Shackelford was injured while being shown a condominium at the Bayfront property. Santa Lucia was hired by Beachside and Fernandez's insurer, Nova, to defend Fernandez and Beachfront in that state court action.

On December 6, 2005, a mediation was conducted in the Shackelford litigation, during which the possibility of the parties entering into a high/low agreement was discussed. Following mediation, the high/low agreement was negotiated over a period of several months. Eventually, the parties agreed to a low of $200,000 and a high of $750,000. The agreement also contained the following provision at paragraph 5:

> After the execution of this agreement, Plaintiff agrees to release and discharge FERNANDEZ and RE/MAX at any time prior to the entry of the final judgment in this matter if any party to this cause agrees to pay her the additional Five Hundred Fifty Thousand and No/100 ($550,000) Dollars for a total sum of $750,000.

Upon execution of the agreement, Nova paid the $200,000 low under the agreement. Beachside was later voluntarily dismissed from the action. Shortly before trial, Shackelford settled with Bayfront for $4,000,000. At the time of the Bayfront settlement, it became clear that the parties had different interpretations of paragraph 5. Nova's position, as represented by Santa Lucia, was that Bayfront's settlement triggered the release of Fernandez, and thus Nova, from liability beyond the $200,000 already paid. Shackelford's attorney, Justin Johnson, disagreed. Santa Lucia indicated that he was going to file a motion to enforce the agreement. Johnson responded that if Santa Lucia filed that motion, Johnson would move to set aside the agreement.

On January 15, 2008, a hearing was held in state court on the motion to enforce the agreement and the motion to set aside the agreement. On May 15, 2008, the Trial Resolution Judge set aside the agreement for the failure of the parties to have a meeting of the minds. At that point, Nova paid $762,364.51 (policy limit of $1,000,000 less the $200,000 already paid plus interest).

## Discussion

Now before this Court is Defendants Robert Santa Lucia and Santa Lucia & Thomas, P.A.'s Motion for Final Summary Judgment (Dkt. 73) and Nova's Response in opposition (Dkt. 91). Of all the issues raised in Defendants' motion, only one warrants a written opinion. That issue is whether an insurance carrier has standing to bring a legal malpractice action against an attorney hired to defend its insured.

This action was removed to this Court based on diversity jurisdiction. Therefore, the Court must apply the substantive law of Florida. *Shapiro v. Assoc. Int'l Ins. Co.*, 899 F.2d 1116, 1118 (11th Cir. 1990). Neither the Florida Supreme Court nor Florida's appellate courts have spoken on this issue, so this Court is forced to predict how the Florida courts would rule if they were presented with the issue. *Hartford Ins. Co. of the Midwest v. Koeppel*, 629 F. Supp. 2d 1293, 1298 (M.D. Fla. 2009).

Under Florida law, an attorney's liability is limited to those with whom the attorney is in privity of contract or intended third party beneficiaries of the attorney-client relationship. *Id.* (*citing Espinosa v. Sparber*, 612 So. 2d 1378, 1379 (Fla. 1993)). Here, the insurance carrier, Nova, has a cause of action for three reasons. First, Nova has a direct

cause of action against Defendants. The Florida Bar rules allow the same attorney to represent both the insured and the insurer at the same time. *Progressive Express Ins. Co. v. Scoma*, 975 So. 2d 461, 466 (Fla. Dist. Ct. App. 2d Dist. 2007) (citing R. Regulating Fla. Bar 4-1.7(e)). It was Nova that selected and retained Santa Lucia. And it was Nova that was responsible for paying Santa Lucia for his work. Therefore, Nova was in privity of contract with Santa Lucia.

Second, Nova is a third party beneficiary of Santa Lucia's representation of the insured. Florida courts have allowed beneficiaries of wills to bring maintain malpractice claims against the attorneys who prepared the wills. *Hartford*, 629 F. Supp. 2d at 1301. This case is a close analogy to the will drafting cases. Nova has a contract with the insured, which gives the insurer the duty to provide a defense. This duty includes the right of the insurer to select and the duty to pay counsel. That relationship makes Nova an obvious third party beneficiary.

Finally, by satisfying the liability claim against its insured, the insurance carrier steps into the shoes of the insured through equitable subrogation to sue a liable tortfeasor. *See Casualty Indem. Exch. v. Penrod Bros.*, 632 So. 2d 1046 (Fla. Dist. Ct. App. 3d Dist. 1993). Here, Nova paid the policy limits under the terms of Fernandez's insurance policy, thereby satisfying Fernandez's liability claim. At that point, Nova has a "right of action against any other person responsible for the loss." *Dantzler Lumber & Export Co. v. Columbia Casualty Co.*, 115 Fla. 541, 552 (Fla. 1934) (recovery of loss on accounting malpractice). This

subrogation right includes the right to bring a claim for legal malpractice where the negligence of the attorney contributed to the loss.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Robert Santa Lucia and Santa Lucia & Thomas, P.A.'s Motion for Final Summary Judgment (Dkt. 73) is **DENIED** as to the issue of Plaintiff's standing.

2. All other issues raised in the motion will be addressed at the hearing scheduled for October 8, 2010.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1351.msj 73.frm