# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NOVA CASUALTY COMPANY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No.  8:09-cv-1351-T-30AEP**

**ROBERT SANTA LUCIA, et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Nova Casualty Company's Motion for Partial Summary Judgment (Dkt. 188), Defendants Robert Santa Lucia and Santa Lucia & Quintairos's Motion for Partial Summary Judgment (Dkt. 189), and Defendants Robert Santa Lucia and Santa Lucia & Thomas P.A.'s Motion for Partial Summary Judgment (Dkt. 198).  The Court, having considered the motions, responses, and being otherwise advised in the premises, concludes that the motions should be denied.

### Background

Defendant Santa Lucia was hired by Nova to defend Nova's insured in personal injury suit brought in state court.  Nova alleges that Santa Lucia committed legal malpractice by negligently advising Plaintiff in the negotiation of a High-Low Agreement, negligently negotiating the form of the High-Low Agreement, and negligently advising Plaintiff regarding settlement.  Before trial on the underlying matter, the state court entered an order

setting aside the High-Low agreement. The parties in that action then settled the claims for approximately one million dollars. Nova paid the underlying plaintiff with two checks for $200,000.00 and $762,376.51.

During the relevant times, Nova had two reinsurance contracts with GMAC Re Corporation, which provided two layers of reinsurance indemnity. Pursuant to the policy, Nova had a $75,000 retention. Under these contracts, Nova makes a payment to its insured and then provides a proof of loss to GMAC. Once satisfied by the proof of loss, GMAC indemnifies Nova under the terms of the contracts except for the &75,000 retention. Each contract also includes the following provision:

> Article VI -- Ultimate Net Loss
> B. Salvage, subrogation and all other recoveries -- including without limitation recoveries under all reinsurance that inures to the benefit of this Agreement, whether recovered or not -- shall be deducted from the actual loss paid the Company to determine the Ultimate Net Loss. Any such recoveries received subsequent to the loss settlements hereunder shall be applied as if such recovery were received prior to the settlement, and the parties shall make all necessary adjustments hereto...

Dkt. 188, Ex. 3, p. 8.

After paying the settlement amount in the underlying action, Nova provided proof of loss to GMAC and GMAC indemnified Nova for the entire settlement amount above Nova's $75,000 retention.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a

reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

### I. Plaintiff's Motion for Summary Judgment

Nova moves for partial summary judgment on Defendants' affirmative defense of setoff. Nova argues that setoff is prohibited under Florida's collateral source rule, Fla. Stat. § 768.76(1). The statute requires the Court to reduce the amount of damages awarded by all amounts which have been paid to the plaintiff by collateral sources, unless those collateral sources have a subrogation or reimbursement right.

The statute also specifically enumerates the types of outside sources that may be considered collateral sources for the purposes of the statute. Fla. Stat. § 768.76(2)(a). Reinsurance is not one of the enumerated collateral sources. Therefore, the statute simply does not apply to the reinsurance payments here. And GMAC has a right to reimbursement pursuant to Article VI(B) of the reinsurance contracts, which also would prevent the Court from reducing the amount of damages, if any, in this case.

Plaintiffs motion for summary judgment is denied.

## II. Defendants' Motions for Summary Judgment

Defendants seek partial summary judgment limiting Nova's damages to $75,000 because Nova was indemnified by GMAC for the settlement amount beyond $75,000. Defendants argue that GMAC is the real party in interest due to the indemnification payment. They also assert that this action is actually a subrogation action brought on behalf of GMAC to avoid Florida's prohibition on the assignment of legal malpractice claims.

Defendants are correct that legal malpractice claims cannot be assigned or subrogated under Florida law. *See Nat'l Union Fire Ins. Co. v. Salter*, 717 So.2d 141 (Fla. 5th DCA 1998). However, this is not a subrogation claim in disguise. As Defendants point out, under Article VI of the reinsurance contracts, GMAC has no right to reimbursement unless Nova succeeds in a claim related to the loss. Nor does the contract provide for a right to subrogation under these circumstances.

Therefore, GMAC is not the real party in interest as it has no direct right to bring a claim for any proceeds of a liability action. Instead, Nova is the party that was allegedly injured by having to pay the full policy limits to settle the underlying action. And Nova has the right to the bring a claim for the full amount of damages it sustained due to Defendants' alleged negligence. Defendants' motions for partial summary judgment must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Nova Casualty Company's Motion for Partial Summary Judgment (Dkt. 188) is DENIED.

  2. Defendants Robert Santa Lucia and Santa Lucia & Quintairos's Motion for Partial Summary Judgment (Dkt. 189) is DENIED.

  3. Defendants Robert Santa Lucia and Santa Lucia & Thomas P.A.'s Motion for Partial Summary Judgment (Dkt. 198) is DENIED.

  **DONE** and **ORDERED** in Tampa, Florida on March 10, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1351 msjs 188,189,198.frm